NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                              :
ELLA DAVIS,                   :
                              :
           Plaintiff,         :    Civil Action No. 14-2759 (FLW)(LHG)
                              :
    v.                        :    **OPINION**
                              :
UNITED STATES OF AMERICA      :
                              :
           Defendant.         :
_____:

      This action arises out of a Complaint, filed pro se by Plaintiff Ella Davis ("Plaintiff"), against Dr. Robert J. Bercik and the United States Department of Veteran Affairs (the "V.A.") for medical malpractice. Plaintiff alleges that Dr. Bercik incorrectly implanted a knee prosthesis. The V.A. removed the action to this Court, under the Federal Tort Claims Act ("FTCA"), and now moves to dismiss without prejudice, on the basis that Plaintiff failed to exhaust her administrative remedies.

**I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

      On October 11, 2011, Dr. Robert J. Bercik performed surgery on Plaintiff, at a V.A. hospital in East Orange, New Jersey. Compl. at 1; Def. Ex. 1. According to Plaintiff, Dr. Bercik implanted an incorrectly sized knee prosthesis. Id. Plaintiff alleged that this implant resulted in internal injury to the issues surrounding the implant, requiring her to undergo two further surgeries in 2012 and 2013. Id.

      On September 5, 2013, Plaintiff filed an administrative tort claim form, using Standard Form 95 ("SF 95") at the Director's Office of the V.A. Regional Office ("Regional Office"), in

1

20 Washington Place, Newark, claiming personal injury damages of $500,000. Sapp Cert. at ¶ 3; Def. Ex. 1. This claim was processed as a claim for benefits; as of May 7, 2014, the claim had not been decided. Sapp Cert. at ¶ 4.

On October 5, 2013, Plaintiff filed a pro se complaint against Dr. Bercik in Mercer County Superior Court, requesting damages for her injured knee. On April 30, 2014, the V.A. removed the case to this Court. The V.A. certified that at the time of the incident giving rise to the complaint, Dr. Bercik was an employee of the V.A. working within the scope of his employment. Gibbons Cert. Therefore, under the Federal Tort Claims Act, 28 U.S.C. § 2679, the only proper defendant in the action is the United States of America. Notice of Removal at ¶ 4. On May 7, 2014, the V.A. filed a Motion to Dismiss for Lack of Jurisdiction, under Federal Rule of Civil Procedure 12(b)(1), asserting that Plaintiff did not exhaust her administrative remedies, as she did not properly present her claim to the V.A. Regional Counsel's Office, and did not wait the required six months for adjudication of her claim. Def. Brief at 2.

## II. STANDARD OF REVIEW

A defendant may move to dismiss a claim for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1). There is no presumption of truthfulness that attaches to the allegations of the complaint when determining a challenge to the court's subject matter jurisdiction. Mortensen v. First Federal Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977). Once a 12(b)(1) challenge is raised, the plaintiff bears the burden of demonstrating the existence of subject matter jurisdiction. See McCann v. Newman Irrevocable Trust, 458 F.3d 281, 286 (3d Cir. 2006). A Rule 12(b)(1) motion to dismiss is treated as either a "facial or factual challenge to the court's subject matter jurisdiction." Gould Electronics, Inc. v. United States, 220 F.3d 169,

176 (3d Cir. 2000). Under a facial attack, the movant challenges the legal sufficiency of the claim, and the court considers only "the allegations of the complaint and documents referenced therein and attached thereto in the light most favorable to the plaintiff." Id. Under a factual attack, however, "the challenge is to the actual alleged jurisdictional facts." Liafom, LLC. v. Big Fresh Pictures, Civ. No. 10-0606, 2011 U.S. Dist. LEXIS 95251, 2011 WL 3841323 (D.N.J. Aug. 24, 2011). In the instant matter, the V.A. does not challenge the alleged jurisdictional facts. Rather, the V.A. argues that this Court lacks subject matter jurisdiction because Plaintiff failed to exhaust her administrative remedies, challenging the legal sufficiency of the claim. Def Brief at 2. Thus, the V.A. has launched a facial attack, and the Court must examine the allegations of the complaint in the light most favorable to Plaintiff.

**III. DISCUSSION**

The V.A. argues that Plaintiff's failure to fully exhaust her administrative remedies requires that her case be dismissed for lack of subject matter jurisdiction. According to the V.A., Plaintiff failed to properly present her administrative tort claim, because she submitted the claim to the Regional Office, rather than the Regional Counsel's Office, which is located in Brooklyn. Def. Brief at 7. Additionally, the V.A. asserts that Plaintiff filed her lawsuit less than a month after her claim was submitted, depriving the V.A. of the sufficient notice to investigate and resolve the claim. Id.

"As a sovereign, the United States is immune from suit unless it consents to be sued," and "the terms of such consent define the court's subject matter jurisdiction." White-Square v. U.S. Postal Serv., 592 F.3d 453, 456 (3d Cir. 2010) (citations omitted). Because the FTCA constitutes a waiver of sovereign immunity, the procedures that the FTCA requires have been strictly

construed. Id. These procedures are jurisdictional, and cannot be waived. Livera v. First Nat'l State Bank of New Jersey, 879 F.2d 1186, 1194 (3d Cir. 1989).

> The Federal Tort Claims Act ("FTCA") permits suit against the United States:
>
>> for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.
>
> 28 U.S.C. § 1346(b)(1).

Prior to filing a claim against the United States, the FTCA requires that "the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail." 28 U.S.C. § 2675(a). If the agency fails to make a disposition on the claim within six months, that failure is "deemed a final denial of the claim" for the purposes of the FTCA. Id. According to federal regulations,

> a claim shall be deemed to have been presented when a Federal agency receives from a claimant, his duly authorized agent or legal representative, an executed Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages in a sum certain for injury to or loss of property, personal injury, or death alleged to have occurred by reason of the incident.
>
> 28 C.F.R. § 14.2(a).

The notice requirements of 28 U.S.C. § 2675 are met so long as "the claimant (1) gives the agency written notice of his or her claim sufficient to enable the agency to investigate and (2) places a value on his or her claim." Tucker v. U.S. Postal Serv., 676 F.2d 954, 958–59 (3d Cir. 1982). However, complete exhaustion is required—a plaintiff may not file a complaint in court until her administrative claim is denied, or until six months have passed. See MacNeil v. United States, 508 U.S. 106, 112 (1980).

4

The V.A. has promulgated supplemental regulations which specifically adopt the procedures established by 28 C.F.R. § 14 et seq. 38 C.F.R. § 14.600(b) ("The regulations issued by the Department of Justice at 28 CFR part 14 are applicable to claims asserted under the Federal Tort Claims Act, including such claims that are filed with VA."). The V.A. regulations further state that a claimant who inquires as to the procedure for filing a claim against the United States" will be "furnished a copy of SF 95, Claim for Damage, Injury, or Death." 38 C.F.R. § 14.604(a) Additionally, the "claimant will be advised to submit the executed claim directly to the Regional Counsel having jurisdiction of the area wherein the occurrence complained of took place." Id. Under the V.A. regulations, a claim is considered to be presented "when the Department of Veterans Affairs receives from a claimant . . . an executed SF 95, or other written notification of an incident, together with a claim for money damages, in a sum certain, for damage to or loss of property or personal injury or death." Id. at § 14.604(b).

Here, Plaintiff gave the V.A. written notice of her claim sufficient to allow the agency to investigate, and placed a value on the claim, of $500,000. See Def. Ex. 1. Indeed, Plaintiff filed the form required by V.A. regulations, a Standard Form 95. As alleged by the V.A., Plaintiff did not file her claim with the Regional Counsel's Office. However, the V.A. regulations do not place the burden on plaintiffs to file the SF 95 with the Regional Counsel's Office; rather, the regulations require that the V.A. tell plaintiffs to submit their claims to that office. See 38 C.F.R. § 14.604(a). Moreover, the regulations deem a claim presented when the V.A. receives the SF 95 and a claim for money damages in a sum certain. Id. at § 14.604(b). As Plaintiff fulfilled the requirements to present an administrative claim under 28 U.S.C. § 2675(a), and under the V.A. regulations, her case before this Court cannot be dismissed for failure to properly present her claim.

Plaintiff did not, however, give the V.A. six months to come to a final disposition of her claim. Plaintiff's SF 95 was signed on September 3, 2013, see Def. Ex. 1, and filed on September 5, 2013, see Sapp Cert. Plaintiff filed the Complaint on October 3, 2013, see Compl. at 8. Thus, Plaintiff's suit was premature, and must be dismissed without prejudice. See MacNeil, 508 U.S. at 511–12.

For Plaintiff's benefit, however, the Court notes that the six month time period for the V.A. to make a final disposition on her claim has long since passed. Although the present suit must be dismissed, if the V.A. has denied Plaintiff's claim or failed to make a final disposition, Plaintiff may refile her Complaint in this Court. If the V.A. has denied Plaintiff's claim, Plaintiff must refile her Complaint within six months from the date of the mailing of the notice of final denial of the claim. 28 U.S.C. § 2401(b).

**IV. CONCLUSION**

For the reasons expressed above, the V.A.'s Motion to Dismiss is granted, and Plaintiff's claims are dismissed without prejudice.

Dated: October 20, 2014

                                                                   /s/ Freda L. Wolfson
                                                                Freda L. Wolfson, U.S.D.J.